UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES M. BOONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:12-CV-193 |
| | ) (VARLAN/GUYTON) |
| v. | ) |
| | ) |
| SAM PATEL, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 15], referring the Defendant's Motion for Sanctions to the undersigned for report and recommendation.

Now before the Court is the Defendant's Motion for Sanctions [Doc. 13], filed November 13, 2012. The Defendant moves the Court for an Order dismissing the Plaintiff's case pursuant to Rule 37(b)(2)(c) of the Federal Rules of Civil Procedure. In support of the relief requested, Defendant submits that the Plaintiff failed to attend his own deposition despite being afforded notice of the deposition. Defendant maintains that dismissal is the appropriate sanction for the Plaintiff's failure to attend his deposition.

The Plaintiff responded to the Motion for Sanctions on December 10, 2012. [Doc. 14]. The Plaintiff's response is non-sensical. It states: "the plaintiff annexeting the following e. 1 and e2 the defendant atty,. Raeparesents 2 hospital and can figaering this out verification." [Doc. 14 at 1].

On January 3, 2013, the Court entered an Order to Show Cause directing the Plaintiff to appear before the Court on February 5, 2013, and show cause why the Motion for Sanctions should not be granted. The Court directed:

> [T]he Plaintiff **SHALL SHOW CAUSE** as to why the Court should not issue order(s): "dismissing [this] action or proceeding in whole or in part"; "directing that the matters embraced . . . or other designated facts be taken as established for purposes of the action, as the prevailing party claims"; prohibiting the Plaintiff "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; "striking pleadings in whole or in part"; treating as contempt of court the Plaintiff's failure to obey the Court's Orders; and/or directing that the Plaintiff pay the "reasonable expenses, including attorney's fees," caused by Plaintiff's failure to obey the Court's Order. See Fed. R. Civ. P. 37(b).

[Doc. 16 at 1].

The Plaintiff filed a Motion to Continue Motion Hearing on January 18, 2013, asking that the hearing be reset to a later date, preferably after the third day of the month. The Court granted the motion. The Court's second Order to Show Cause [Doc. 18] reset the hearing to take place March 4, 2013, and reiterated the possible sanctions to be imposed.

The Court conducted the show cause hearing on March 4, 2013. Plaintiff did not appear at the hearing, and the Deputy United States Marshal stated on the record that the Plaintiff was not found within the lobby of the United States Courthouse. Attorney Christopher Haggerty, counsel for the Defendant, represented to the Court that the Plaintiff had called his office and spoken to his secretary on March 4, 2013. The Plaintiff had stated to Mr. Haggerty's secretary that he was having transportation issues in his trip from New Orleans, Louisiana to Knoxville, Tennessee. The Plaintiff did not contact the Court or the Clerk of Court with regard to his transportation issues, nor did he file a motion requesting any relief from the Court.

The undersigned has allowed two business days to elapse between the hearing and the entry of the Report and Recommendation, but the Plaintiff has not stated the basis for his failure to comply with the Court's Order to Show Cause in the record.

Rule 37 of the Federal Rules of Civil Procedure provides that, where a party has not complied with an order of a court, the court may impose just orders dismissing the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v).

In this case, the Plaintiff has failed to comply with his obligations under the Federal Rules of Civil Procedure and failed to comply with his discovery obligations. More importantly, he has not complied with the Court's Order to Show Cause entered January 24, 2013. The Court finds that the Plaintiff has been afforded appropriate notice of the sanctions to be imposed, and the Court further finds that lesser sanctions would not remedy the situation. Plaintiff has failed to prosecute his case, and the Defendant's ability to defend against Plaintiff's allegations has been impaired by Plaintiff's failure to prosecute. The Court finds dismissal is the appropriate remedy.

Based upon the Plaintiff's failure to comply with the Court's Order and his failure to comply with his obligation to provide deposition testimony in this case, the undersigned **RECOMMENDS,**[1] pursuant to Rule 37 of the Federal Rules of Civil Procedure, that the Motion for Sanctions **[Doc. 13]** be **GRANTED** and this case be **DISMISSED WITHOUT PREJUDICE**.

Respectfully Submitted,

  /s H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).